AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY



# United States District Court

| | | |
|---|---|---|
| **United States District Court** | District   GUAM | **04-00021** |
| Name of Movant<br>ISARAEL DUARTE-ROSAS | Prisoner No.<br>01738-093 | Case No.<br>CR 98-00219 |
| Place of Confinement<br>FEDERAL CORRECTIONAL INSTITUTION UNIT D, WASECA, MINNESOTA | | |

UNITED STATES OF AMERICA      V.      ISARAEL DUARTE-ROSAS
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  DISTRICT COURT OF GUAM,
   HAGATNA, GUAM.

2. Date of judgment of conviction  MAY 14, 2003.

3. Length of sentence  97 MONTHS

4. Nature of offense involved (all counts)  CONSPIRACY TO IMPORT HEROIN (ONE COUNT).

                                                **FILED**
DISTRICT COURT OF GUAM

**APR 1 3 2004**

MARY L. M. MORAN
CLERK OF COURT

5. What was your plea? (Check one)
   (a) Not guilty      □
   (b) Guilty      ☒
   (c) Nolo contendere      □

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury      □
   (b) Judge only      □

7. Did you testify at the trial?
   Yes □ No □

8. Did you appeal from the judgment of conviction?
   Yes □ No ☒

COPY

9. If you did appeal, answer the following:

  (a) Name of court _____

  (b) Result _____

  (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

  (a) (I) Name of court _____

  (2) Nature of proceeding _____

  _____

  (3) Grounds raised _____

  _____

  _____

  _____

  _____

  _____

  (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐ No ☐

  (5) Result _____

  (6) Date of result _____

  (b) As to any second petition, application or motion give the same information:

  (1) Name of court _____

  (2) Nature of proceeding _____

  _____

  (3) Grounds raised _____

  _____

  _____

  _____

  _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐
(2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: DEFENDANT IS CONVICTED OF AN OFFENSE WHICH IS NON-EXISTENT.

Supporting FACTS (state *briefly* without citing cases or law) SEE SUBPARAGRAPHS 7(c) AND 7(d) OF THE PLEA AGREEMENT FILED IN THIS PROCEEDING ON SEPT. 25, 1998. A TRUE COPY OF PAGES 5 AND 6 OF THE PLEA AGREEMENT ARE ATTACHED HERETO.

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12.A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: SEE ATTACHED PAGE .

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

(b) At arraignment and plea PATRICK G. CIVILLE, ESQ., SUITE 200, 330 HERNAN CORTEZ AVENUE, HAGATNA, GUAM 96910.

(c) At trial _____

(d) At sentencing HOWARD TRAPP, 200 SAYLOR BUILDING, 139 CHALAN SANTO PAPA, HAGATNA, GUAM 96910

(e) On appeal_____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)
HOWARD TRAPP

I declare under penalty of perjury that the foregoing is true and correct. Executed on

**4/6/2004**
(date)

_____
Signature of Movant
ISARAEL DUARTE-ROSAS

understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that to establish a violation of Conspiracy to Import Heroin, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to import heroin; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects, including to import heroin or some other prohibited drug into Guam, and intending to accomplish it.

7. The defendant understands that the sentencing guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing guidelines:

a. The defendant was born on June 11, 1962, and is a citizen of Mexico.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8 of the sentencing guidelines, this information should not be used in determining the applicable guidelines range.

c. Beginning 1994 and continuing to September 1998, the defendant participated in a conspiracy with others to import heroin from California and elsewhere into Guam for purposes of distribution and profit. During the conspiracy the defendant met

- 5 -

with co-conspirators in Guam, and arranged to send heroin via the U.S. mail. The defendant and others knowingly caused to mail heroin to Guam which consisted of approximately forty-eight (48) balls of heroin, and each ball of heroin weighed approximately twenty-eight (28) grams. In exchange for each ball of heroin, the defendant and others were paid approximately $10,000.

     d.   On September 22, 1998, the defendant was a passenger aboard a Continental Airlines flight from Hawaii which arrived in Guam at approximately 5:30 p.m. He met with other co-conspirators at the Mai'Ana Hotel in Tamuning in order to receive payment from previous heroin shipments. The defendant was subsequently arrested after discussing with others future prices and shipments of heroin into Guam.

     e.   The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

    8.   The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

    9.   The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

- 6 -

# ATTACHED PAGE

13.    The ground listed in 12A was not previously presented, because at the time of the entry of the judgment, and for more than 10 days thereafter, that is to say, until June 6, 2003, the ground listed in 12A was foreclosed by circuit law in that it was the settled law of this circuit that all the government need show for a finding of importation is that the controlled substance entered the United States from international waters or airspace. (*United States v. Cabaccang*, 332 F.3d 622, 634 (9th Cir. 2003)(en banc), *clarified*, 341 F.3d 905 (9th Cir. 2003).) On June 6, 2003 (*Cabaccang*, 332 F.3d at 622 ("Filed June 6, 2003")), the court of appeals for this circuit changed the law by overruling the foregoing law of this circuit and holding that the transport of a controlled substance through international airspace on a flight from one United States location to another United States location does not constitute the offense of importing a controlled substance into the United States from a place outside thereof. (*Cabaccang*, 332 F.3d at 635 ("we hold that the transport of drugs through international airspace on a nonstop flight from one United States location to another does not constitute importation within the meaning of [21 U.S.C.] § 952(a)").)